Heman Swift and others *v.* Matthias Hare and another.

Instructions to an agent to invest the proceeds of a bill in a particular way, is an express and special authority to endorse the bill in the name of the principal, such as is required by art. 2966 of the Civil Code; for the investment could not be made without such endorsement, whether money were to be procured by the sale of the bill, or the bill itself were to be given in payment for the articles in which the investment was to be made.

Action before the Commercial Court of New Orleans, *Watts,* J.
*L. C. Duncan,* for the plaintiffs.
*Roselius,* for the appellants.

MARTIN J.   The defendants are appellants from a judgment, by which the plaintiffs have recovered the amount of a bill of exchange drawn to the order of the former, and endorsed to the latter by the clerk of the defendants; and the sole question which the case presents for our solution is, whether the clerk was sufficiently authorized by his employers to endorse the bill?   One of the defendants, being about to depart from New Orleans, informed McDonnell that a remittance would be soon made by his partner, the other defendant, who was then in Georgia; that when it arrived he wished it to be invested in merchandize which he described; and requested him to call from time to time during his absence at the store of the firm, to see that all was going right, and on the arrival of the remittance, to assist the clerk in making the purchases.   He also requested Bryan to afford assistance to the clerk. Soon after, the clerk, on receiving a letter from the partner in Georgia, opened it, and carried the bill of exchange which it enclosed to the store of Bryan, and he being out, left it with his (Bryan's) partner, telling him that he wished to have it discounted, to purchase from Bryan's -firm the merchandize he was directed to procure.   Bryan, on his return, attempted to sell the bill, and offered it to several brokers, who appeared willing to buy it, but required him to endorse it, which he declined doing; finally the plaintiffs bought the bill from a broker, the signature of the defendant's firm having been put thereon by the clerk, who soon after absconded.   The Civil Code, art. 2966, requires the power to endorse a bill of exchange to be express and special.

The first judge was of opinion that the clerk was invested by one of the defendants, with the express and special power to invest the proceeds of the bill of exchange, which the other defendant was to remit from Georgia, in the purchase of merchandize; and that this invested him expressly and especially with the power of endorsing the bill; for the investment could by no possibility have been made without such an endorsement, whether money were procured to make the purchase by the sale of the bill, or whether the bill were given in payment to a vendor of the merchandize directed to be procured.   It does not appear to us that he erred.   He who authorizes another to do an act, authorizes him to do whatever is

necessary to arrive at the proposed end. *Cum quid conceditur, conceditur et id per quod pervenitur ad illud.*

*Judgment affirmed.*